**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 96-60682
Summary Calendar

CLIFFORD J. CORMIER,

Petitioner,

VERSUS

BOKENCAMP DRILLING COMPANY, INC.; LOUISIANA
INSURANCE GUARANTY ASSOCIATION; DIRECTOR, OFFICE OF
WORKER'S COMPENSATION PROGRAMS, U.S. DEPARTMENT OF
LABOR,

Respondents.

Appeal from the Benefits Review Board,
United States Department of Labor
(94-2490)

April 30, 1997

Before JONES, DeMOSS, and PARKER, Circuit Judges.

PER CURIAM:[*]

Clifford J. Cormier petitions this court for review of an

order by the Benefits Review Board of the United States Department

of Labor, arguing that attorney's fees awarded in connection with

---

[*] Pursuant to Local Rule 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

a claim under the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. §§ 901 *et al.*, should have been awarded at the submitted hourly rate of $150 rather than the awarded rate of $95 per hour.

Under 33 U.S.C. § 928(a), a successful claimant "shall be awarded a reasonable attorney's fee." As a fact-intensive decision, we review such a decision for its adherence to the substantial evidence standard. *See Boland Marine & Mfg. Co. v. Rihner,* 41 F.3d 997, 1002 (5th Cir. 1995); *Metro. Stevedore Co. v. Brickner*, 11 F.3d 887, 889 (9th Cir. 1993). Substantial evidence is evidence that "a reasonable mind might accept as adequate to support a conclusion." *Ingalls Shipbuilding, Inc. v. Director, Office of Workers' Compensation Programs*, 991 F.2d 163, 165 (5th Cir. 1993). In our review, we typically defer to the decision-maker's credibility choices among witnesses and evidence. *Id.*

The District Director's decision regarding attorney's fees relied on a previously submitted fee application for work done in which the attorney listed his hourly rate at $95. In that application, the attorney explained the rate as comparable to the rate charged in the community and one previously utilized by that tribunal. It is now argued that such reliance was improper because that hourly figure was submitted in connection with a proposed settlement and the attorney had reduced his hourly rate for purposes of settlement. However, there is nothing in the record supporting such a contention. In fact, in the application for the

fees at issue here, the attorney provided no explanation whatsoever for the significant increase from $95 to $150 in his claimed hourly rate.

The petitioner does not even allege that the fees awarded were "unreasonable," but rather that they were not the fees as submitted and that there is some support for awarding the submitted fee request. All that we require in order to affirm is that the fees be "reasonable," *see* 33 U.S.C. § 928(a), as demonstrated by evidence that a "reasonable mind might accept as adequate." *See Ingalls Shipbuilding, Inc.*, 991 F.2d at 165. Finding such to be the case and employing our customary deference to the fact-finder, we DENY the petition and AFFIRM the Benefits Review Board's order.